IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

WILLIE RUSHING                                                                                        PLAINTIFF

v.                                                                                              No.  1:06CV251-P-A

DETECTIVE LARRY TAYLOR, ET AL.                                                    DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Willie Rushing (# 100001), who challenges the conditions during his arrest under 42 U.S.C. § 1983.  The plaintiff alleges that the defendants confiscated $6,100.00 from him during his arrest on charges of forging a prescription on March 17, 2003.  The plaintiff alleges further that he was cleared of that charge because the prescription at issue was valid.  The plaintiff thus argues that his money was improperly seized and forfeited because the prescription for which he was initially arrested was valid.  The plaintiff is, however, currently serving a thirty-year sentence in the Mississippi Department of Corrections on three separate charges of prescription forgery.

### Exhaustion of Administrative Remedies

The Prison Litigation Reform Act states, in pertinent part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).  The exhaustion requirement is not jurisdictional; a plaintiff proceeding under 42 U.S.C. § 1983 must exhaust state administrative remedies before the filing of suit in federal court.  *Wendell v. Asher,* 162 F.3d 877, 890-91 (5th Cir. 1998); *Smith v. Stubble field*, 30 F.Supp. 2d 1168, 1170 (E.D. Mo. 1998).  "To hold otherwise would encourage premature filing

by potential litigants, thus undermining Congress' purpose in passing the PLRA, which was to provide the federal courts some relief from frivolous prisoner litigation." *Wendell,* 162 F.3d at 981 (citations omitted). The plaintiff admitted in his complaint that he made no attempt to use, much less exhaust, the state's administrative remedies. Thus, under the foregoing authority, the plaintiff's claims should be dismissed for failure to exhaust administrative remedies. A final judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 6th day of November, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE